# EXHIBIT A

COPY
Original Received
SEP 25 2015
Clerk of the Trial Courts

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

JOHN D. ZIPPERER, JR, M.D., et al., )
                     Plaintiff(s), )
vs. )
  )
PREMERA BLUE CROSS BLUE ) CASE NO. 3AN- 15- 9864 CI
SHIELD OF ALASKA, )
                     Defendant(s). ) SUMMONS AND
  ) NOTICE TO BOTH PARTIES
  ) OF JUDICIAL ASSIGNMENT

To Defendant: CT Corporation, Reg. Agent for Premera Blue Cross Blue Shield of Alaska

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Kevin T. Fitzgerald, whose address is:

813 West Third Avenue, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge GUIDI and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

9-25-15
Date

By: _____ Deputy Clerk

I certify that on 9-25-15 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [ ] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/13)(st.3)                                                         Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

JOHN D. ZIPPERER, JR., M.D. )
and JOHN D. ZIPPERER, JR., )
M.D., LLC, dba ZIPPERER )
MEDICAL GROUP, )
                                                          )
               Plaintiffs, )
                                                          )
      v. )
                                                          )
PREMERA BLUE CROSS BLUE )
SHIELD OF ALASKA, )
                                                          )
             Defendant. )
_____)  Case No. 3AN-15-**9864** CI

## COMPLAINT FOR DECLARATORY JUDGMENT

For their Complaint Plaintiffs John D. Zipperer, Jr., M.D. and John D. Zipperer, Jr., M.D., LLC, dba Zipperer Medical Group allege as follows:

### JURISDICTION AND VENUE

1. The Superior Court has jurisdiction under Alaska Statute ("AS") 22.10.020(a) - (c).

2. Under AS 22.10.020(g), the Superior Court may declare the rights and legal relations of the plaintiffs and enter necessary or proper relief based on a declaratory judgment or decree against the defendants.

3. Venue is proper in this court under Alaska Rule of Civil Procedure 3(c) and AS 22.10.030.

Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

## PARTIES

4. Plaintiff John D. Zipperer, Jr., M.D. ("Dr. Zipperer") is a physician licensed to practice in the State of Alaska with a specialty in interventional pain management.

5. Plaintiff John D. Zipperer, Jr., M.D., LLC, dba Zipperer Medical Group ("ZMG"), is a physician practice solely owned and operated by Dr. Zipperer which specializes in providing interventional pain management and addiction recovery services in four clinics located in Anchorage, Wasilla, Fairbanks, and Eagle River.

6. Upon information and belief, Defendant Premera Blue Cross Blue Shield of Alaska ("Premera") is a Washington nonprofit corporation doing business in Alaska. Upon information and belief, it is an independent licensee of the Blue Cross Blue Shield Association and is licensed by the State of Alaska to offer health insurance products such as individual and family coverage, and group medical, dental, pharmacy, and vision coverage.

## GENERAL ALLEGATIONS

7. At issue are numerous, unpaid claims for laboratory services with dates of service ranging from December 2014 to the present that were provided by ZMG for enrollees in

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

various Premera health plans. These services were medically necessary and otherwise covered services under these plans.

8. At all relevant times, ZMG maintained a centralized laboratory located in Tennessee.

9. ZMG also operates a laboratory in Alaska, but the Alaska laboratory does not maintain a CLIA Certification of Compliance and cannot process the laboratory tests at issue. The Tennessee laboratory possesses the CLIA Certification of Compliance and may process these tests.

10. ZMG would treat patients with a face-to-face encounter at one of ZMG's Alaska clinics and obtain samples for testing.

11. After obtaining the samples, ZMG would then send the samples to its centralized laboratory location in Tennessee for processing.

12. ZMG's Tennessee laboratory is a "physician office laboratory" as that term is defined under federal regulations because the Tennessee laboratory is owned by ZMG, a physician group, and bills under the physician group's billing number, is used solely for the physician group's patients, and is registered with Medicare as a location of the physician group. The Tennessee laboratory is not separately enrolled in Medicare

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

and is instead registered as a location of the physician group practice, ZMG, and bills under ZMG's group NPI.

13. For billing and reimbursement purposes, claims for physician office laboratory services are generally treated differently than other laboratory claims billed by an independent clinical laboratory or a reference laboratory.

14. According to federal regulations promulgated by CMS, because the Tennessee laboratory is a "physician office laboratory," the billing requirements that pertain to physician claims apply to ZMG's laboratory claims.

15. When ZMG would submit a claim for reimbursement for laboratory services, Premera required ZMG to use an official standard form referred to as the "HCFA 1500."

16. When submitting the HCFA 1500 for reimbursement, ZMG had to complete Box 32, which requires it to list the service facility location information.

17. Federal law, specifically the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), requires ZMG to list its Alaska clinic location in Box 32 of HCFA 1500 because when a laboratory claim is payable under the physician fee schedule and performed in a physician office's laboratory, Box 32 must be completed by listing the location of the face-to-face physician-patient encounter.

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

18. Accordingly, for the claims at issue, ZMG properly filled in Box 32 of HFCA 1500 by listing ZMG's Alaska clinic location and submitting the claims for reimbursement.

19. Indeed, throughout ZMG's relationship with Premera, Dr. Zipperer always filled out Box 32 as the location where the face-to-face patient encounter took place.

20. ZMG has confirmed the appropriateness of this practice by communicating with Alaska's Medicare contractor, Noridian Healthcare Solutions, and Blue Cross Blue Shield of Tennessee's Federal Employee Program, both of which agreed with ZMG's practice.

21. Nevertheless, on or about March 19, 2015, Premera placed ZMG on 100% pre-payment review of all laboratory claims submitted to Premera.

22. Premera informed Dr. Zipperer that the only reason ZMG was placed on pre-payment review was due to ZMG's allegedly improper completion of Box 32 on HFCA Form 1500 by listing the location of the face-to-face patient encounter (Alaska) rather than where the laboratory test was processed (Tennessee).

23. Premera had previously placed ZMG on pre-payment review for laboratory claims, including claims currently at issue, although the pre-payment review was unrelated to the HCFA

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

1500 claim form and Box 32. On January 28, 2015, ZMG was taken off the prior pre-payment review with the expectation that Premera would promptly pay its laboratory claims.

24. At the direction of Premera, after ZMG was taken off pre-payment review it resubmitted the laboratory claims for reimbursement.

25. The March 19, 2015 letter thus constituted the second time that Premera placed ZMG on pre-payment review for the same set of laboratory claims. Exhibit 1.

26. The March 19, 2015 letter states that the only reason that ZMG was placed on pre-payment review was that "Box 32 on HCFA 1500 claim form must accurately reflect the location where the laboratory service is performed."

27. By letters dated April 16, 2015 and July 22, 2015, Plaintiffs' counsel advised Premera that its interpretation of the HCFA 1500 was improper and illegal.

28. In addition to the current pre-payment review which is limited to a review of Box 32, Premera has now requested additional information that has nothing to do with the HCFA Form 1500 claim form or the location of the services.

29. Under the pretext of requesting ZMG to change Box 32, which is in and of itself improper and illegal, Premera is

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

now requesting all documentation to support the laboratory codes billed by ZMG.

### COUNT I – Violation of the Alaska Clean Claim Law (AS § 21.36.495)

30. Plaintiffs repeat and incorporate by reference the allegations and statements made in the preceding paragraphs as if fully restated herein.

31. Premera is a health care insurer as defined by AS § 21.36.495(h)(i)(2) and subject to the Alaska Clean Claim Law, AS § 21.36.495.

33. The laboratory services at issue were medically necessary and otherwise covered services under Premera health plans.

34. ZMG properly submitted the laboratory claims at issue for processing and reimbursement by Premera.

35. The claims submitted by ZMG constituted "clean claims" as they did not have "a defect or impropriety, including a lack of any required substantiating documentation, or a particular circumstance requiring special treatment that prevents timely payment of the claim." AS 21.36.495(i)(1).

36. At all relevant times, Premera was statutorily obligated to pay or deny a "clean claim" within 30 days of its receipt of the claim.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

Page 7 of 9

37. Further, Premera failed to give notice to Plaintiffs of the basis for the denial or any specific information needed to adjudicate the claim within 30 calendar days after it received the claim in violation of the Alaska Clean Claim Law.

38. The March 19, 2015 letter failed to provide proper notice under Alaska law because it required ZMG to act illegally in filling out Box 32 of HCFA 1500 and to submit inaccurate claims for reimbursement.

39. Premera's letter placing ZMG on pre-payment review a second time was in fact a pretext to avoid application of the Alaska Clean Claim Law.

40. Due to Premera's failure to provide the required statutory notice, the laboratory claims presented by ZMG are presumed to be clean claims.

41. Further, interest on those claims is accruing at a rate of 15 percent annually until the claims are paid.

**PRAYER FOR RELIEF**

Therefore, Plaintiffs request that the Superior Court:

1. Find and declare that Plaintiffs submitted clean claims for laboratory services at issue by listing the location of the face-to-face physician-patient encounter in Box 32 of HCFA 1500.

Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

2. Find and declare that Defendant is in violation of the Alaska Clean Claim Law due to its failure to pay or deny the claims at issue and failure to meet the specific notice requirements within 30 calendar days after it received the claim.

3. Find and declare that Plaintiffs are entitled to interest on the unprocessed clean claims at issue in accordance with Alaska law.

4. Enter an Order directing Defendant to process the laboratory claims at issue in accordance with Alaska law.

5. Enter an Order directing Defendant to rescind the March 19, 2015 Notice and take ZMG off of pre-payment review status for laboratory codes.

6. Award Plaintiffs their costs, including attorneys' fees, in bringing this action.

7. Award such other and further relief as the Superior Court deems just and reasonable under the circumstances.

Dated at Anchorage, Alaska September 25, 2015.

INGALDSON FITZGERALD, P.C.
Attorneys for Plaintiffs

By: _____
Kevin T. Fitzgerald
ABA No. 8711085

F:\W\3462.001\Pleading\Complaint for Declaratory Judgment.doc
Zipperer v. Premera
Case 3AN-15-_____ CI
Complaint

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751


**PREMERA**
BLUE CROSS BLUE SHIELD OF ALASKA

7001 220th St SW, M.S. 218
Mountlake Terrace, WA 98043

March 19, 2015

Zipperer Medical Group
Dr. John Zippperer Jr.
300 W. Swanson Ave.
Wasilla, AK 99654

Dear Dr. Zipperer:

This letter serves to advise you that your clinic, Zipperer Medical Group, has been placed on 100% review status for laboratory codes with Premera Blue Cross Blue Shield Alaska, effective immediately. This process is set up to efficiently review relevant documentation correspondent with claims submitted to Premera for payment.

To ensure that claims are processed in the most efficient manner, please note the following:

- This process applies to all laboratory claims submitted to Premera Blue Cross Blue Shield of Alaska for payment by **all practitioners** at Zipperer Medical Group. This includes claims previously submitted to Premera, which have not completed processing.
- If claims are electronically submitted, laboratory claims will pend and a statement may be sent to the provider indicating the need for additional documentation in order to determine the location where the laboratory services were performed.

For your information, Box 32 on HCFA 1500 claim form must accurately reflect the location where the laboratory service was performed. CLIA certifications are specific to the laboratory location. Additionally, laboratory claims for FEP members are billed to the Plan where the laboratory service was performed. Laboratory claims for FEP members for labs performed in Tennessee must be billed to Blue Cross Blue Shield of Tennessee.

If you have any questions regarding this correspondence, please contact me directly at (425) 918-4073.

Sincerely,

Christine Seifert
Manager
Special Investigations Unit
Premera Blue Cross Blue Shield of Alaska

Exhibit 1
Page 1 of 1 Pages