# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| John D. Zipperer, Jr., M.D., *et al*., | ) | |
| Plaintiffs, | ) | 3:15-cv-00208 JWS |
| vs. | ) | ORDER AND OPINION |
| Premera Blue Cross Blue Shield of Alaska, | ) | [Re: Motion at Docket 64] |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 64 defendant Premera Blue Cross Blue Shield of Alaska ("Premera") moves pursuant to Federal Rule of Civil Procedure 37 to compel discovery from plaintiffs John D. Zipperer, Jr., M.D. and John D. Zipperer, Jr., M.D., LLC dba Zipperer Medical Group (collectively, "ZMG"). ZMG opposes at docket 67. Premera replies at docket 68.

Oral argument was not requested but would not assist the court.

## II. BACKGROUND

ZMG responded to several of Premera's interrogatories[1] and requests for production ("RFPs")[2] with relevancy objections, not answers. Also, according to Premera, ZMG has refused to produce Dr. Zipperer for a deposition.[3] ZMG contends that this is inaccurate; it asserts that it only objects to the deposition occurring before there is a ruling on ZMG's summary judgment motion.[4] The court has since denied ZMG's summary judgment motion.

## III. STANDARD OF REVIEW

Rule 26(b)(1) provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Information within this scope of discovery need not be admissible in evidence to be discoverable."[5]

If a party fails to make disclosures or cooperate in discovery, the requesting party may move to compel.[6] "The party who resists discovery has the burden to show

---

[1] Doc. 61-1 at 2–23 (Interrogatories 2, 5, 6, 11, 13, 14, and 15).

[2] *Id.* (RFPs 1, 4, 5, 13, 14, and 16).

[3] Doc. 65-4 at 2.

[4] Doc. 67 at 5.

[5] Fed. R. Civ. P. 26(b)(1).

[6] Fed. R. Civ. P. 37(a)(1).

-2-

that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."[7] "Broad discretion is vested in the trial court to permit or deny discovery[.]"[8]

### IV. DISCUSSION

**A.  Rule 37(d) Does Not Apply**

If the discovering party deems another party's discovery response to be inadequate, the party must move to compel an adequate response under Rule 37(a). "The sanctions that are available to a party that has prevailed on a motion to compel are limited to expenses, including reasonable attorney's fees, incurred in making the motion, unless the moving party already has secured a court order directing the discovery to be provided, and the party that was subject to that order has failed to comply."[9]

Rule 37(d) relates to a "Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection." As its title indicates, the rule applies where a party takes no action whatsoever in response to properly-served discovery requests, including interrogatories and RFPs, or fails to appear for a properly-noticed deposition.[10] "In sharp contrast" to Rule 37(a), Rule 37(d) provides the moving party with "immediate access to a wide range of sanctions,

---

[7]*DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

[8]*Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

[9]7 James Wm. Moore, *Moore's Federal Practice* § 37.03 (3d ed. 2017).

[10]Fed. R. Civ. P. 37(d)(1)(A).

-3-

provided that [the] party has attempted in good faith to secure a response through negotiations."[11]

Premera's motion repeatedly cites Rule 37(d)[12] but, as ZMG points out, this rule does not apply. With regard to Premera's written discovery requests, Premera incorrectly asserts that ZMG has refused to respond to the requests. The problem Premera seeks to remedy here is not ZMG's failure to respond. To the contrary, Premera is unsatisfied with certain responses because they contain objections instead of answers.[13] The Civil Rules allow a party to respond to a discovery request with an objection instead of an answer.[14] This practice does not amount to a failure to respond that triggers Rule 37(d) sanctions.[15]

Rule 37(d) also does not apply with regard to Dr. Zipperer's deposition for two reasons. First, Premera did not serve ZMG with a proper deposition notice. Premera

---

[11]7 James Wm. Moore, *Moore's Federal Practice* § 37.03 (3d ed. 2017).

[12]Doc. 64 at 4, 5, 7; doc. 68 at 3.

[13]Premera appears to argue that ZMG's relevancy objections trigger Rule 37(d) sanctions because they are boilerplate. Doc. 64 at 5 n.2 (citing *Pebble Ltd. P'ship v. Envtl. Prot. Agency*, No. 3:14-CV-0171-HRH, 2016 WL 4502373, at *3 n.31 (D. Alaska May 5, 2016) ("[B]oiler-plate, generalized objections are inadequate and tantamount to not making any objection at all.") (citation omitted). ZMG's relevancy objections are not boilerplate. But even if they were, *Pebble* does not support Premera's argument because that case involved Rule 37(a), not 37(d). Indeed, Rule 37(a)(4) states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" for purposes of Rule 37(a) only.

[14]*See* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(C).

[15]*See* Fed. R. Civ. P. 37(d)(1)(A)(ii); 8B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2291 (3d ed. 1998) ("Only if a party wholly fails to respond to an entire set of interrogatories are sanctions under [Rule 37(d)] appropriate.").

states that it noticed Dr. Zipperer's deposition on December 29, 2016.[16] Unfortunately, Premera provides the court with only the cover letter that accompanied the notice and not the notice itself.[17] According to ZMG, the notice "provided the date of the deposition as 'January TBD.'"[18] The court accepts this characterization because Premera does not dispute it in reply. Because Premera's deposition notice fails to state the time of the deposition as required by Rule 30(b)(1), it is not a "proper notice" for purposes of Rule 37(d)(1)(A)(i). Second, Dr. Zipperer did not "fail to attend" his own deposition. "'[F]ailure to appear' for a deposition is strictly construed and Rule 37(d) sanctions apply only when a deponent literally fails to show up for a deposition session."[19] That did not happen here.

The court will construe Premera's motion under Rule 37(a), not 37(d).

**B.      ZMG's Relevancy Objections to Premera's Written Discovery Requests**

Premera's motion does not list the specific relevancy objections that are at issue; it merely cites ZMG's discovery responses as a whole and states that ZMG "refused to respond to most of the discovery requests based on the claim that Premera's discovery requests are not relevant to the motion for summary judgment."[20] Premera's meet-and-confer letter, however, states that Premera is challenging ZMG's relevancy objections to

---

[16]Doc. 64 at 3.

[17]Doc. 65-1 at 2–3.

[18]Doc. 67 at 13.

[19]*Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995) (quoting *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 n.2 (1st Cir. 1991)).

[20]Doc. 64 at 2.

-5-

seven interrogatories (2, 5, 6, 10, 13, 14, and 15) and nine RFPs (1, 4, 6, 9, 11, 13, 14, 15, and 16).[21] It appears that this list erroneously includes interrogatory 10 and RFPs 6, 9, and 11 because ZMG did not assert relevancy objections to those discovery requests. It also appears that the letter erroneously lists RFP 15 because ZMG produced documents in response to that request notwithstanding its relevancy objection.[22] The court will therefore construe Premera's motion as being directed toward ZMG's relevancy objections to interrogatories 2, 5, 6, 13, 14, and 15 and RFPs 1, 4, 13, 14, and 16.

### 1. Interrogatories 2, 13, 14, and 15 and RFPs 1, 13, 14, and 16

Interrogatory 2 and RFP 1 seek discovery regarding the identity of all persons who work for ZMG, including "any and all persons who left [ZMG] or were terminated by [ZMG], including the date of departure or termination, and the reason for the departure or termination."[23] Interrogatory 13 seeks information about (a) any "disciplinary hearings, proceedings, internal or external investigations, or lawsuits brought against" Dr. Zipperer; (b) any "fines imposed against Dr. Zipperer;" and (c) any time Dr. Zipperer has been suspended from the practice of medicine.[24] Interrogatory 14 and RFP 13

---

[21] Doc. 61-1 at 174. Presumably, these are the sixteen discovery responses that Premera references in its reply. Doc. 68 at 3–4 ("Notably, in sixteen (16) of his responses, Plaintiff objects to the discovery to the extent it 'seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case and thus not discoverable pursuant to Fed. R. Civ. P. 26(b)(1).'").

[22] Doc. 61-1 at 19. Further, it does not appear that Premera met and conferred with ZMG regarding ZMG's relevancy objection to RFP 15. *See id.* at 175–76.

[23] *Id.* at 5.

[24] *Id.* at 16.

seek discovery regarding "any and all audits, investigations, or lawsuits conducted by any person or entity, including but not limited to Blue Cross or the government such as the Federal Bureau of Investigation, in which ZMG, Dr. Zipperer, or any provider employed by ZMG were targets."[25] Interrogatory 15 and RFP 14 seek discovery regarding "any time in which [ZMG was] dropped from or not covered by Medicaid or Medicare as a provider and the circumstances as to why [ZMG was] dropped or not covered by Medicaid or Medicare."[26] And RFP 16 seeks documents that show that "the medical claims in dispute were medically necessary."[27]

Premera asserts that the information sought by these discovery requests is relevant to its defenses of unclean hands and bad faith.[28] In response, ZMG asserts generally that the discovery Premera seeks is "not within the scope of discovery permitted by Rule 26(b)(1)" because "[t]his lawsuit is to determine whether Premera violated the Alaska prompt pay law and HIPAA."[29] ZMG only addresses RFP 16 specifically, arguing that complying with that request would require ZMG to produce the "the entire medical record for every patient that received a service at issue in this litigation," which is a burden not proportional to the needs of the case.[30] Premera does not dispute ZMG's characterization of this burden in reply.

---

[25]*Id.* at 18.

[26]*Id.*

[27]*Id.* at 19.

[28]*Id.* at 175.

[29]Doc. 67 at 12.

[30]Fed. R. Civ. P. 26(b)(1).

ZMG has not explained why interrogatories 2, 13, 14, and 15 and RFPs 1, 13, and 14 seek information that is irrelevant to Premera's unclean hands and bad faith defenses or that is otherwise outside the scope of discovery. Premera's motion will be granted with regard to these discovery requests. The court agrees with ZMG, however, that RFP 16 seeks discovery that is not proportional to the needs of the case when considering the burden and expense of producing voluminous medical records.

### 2. Interrogatories 5 and 6 and RFP 4

Interrogatory 5 and RFP 4 seek discovery regarding "any and all communications or documents between [ZMG] and any representative of ClaimCare."[31] Interrogatory 6 seeks discovery regarding "all communications or documents between [ZMG] and any representative of R&R Medical Billing Service."[32] Premera asserts that the information sought by these discovery requests is relevant to Premera's preparation of "an adequate defense to [ZMG's] allegations."[33]

It appears to the court that even if these requests were relevant when Premera filed its motion, they are no longer relevant in light of the court's order denying ZMG's summary judgment motion. Premera's motion will be denied.

### C. Dr. Zipperer's Deposition

ZMG does not oppose Premera's request to depose Dr. Zipperer in principle. It opposes having such deposition take place before the court ruled on ZMG's summary

---

[31]Doc. 61-1 at 9.

[32]*Id.* at 10.

[33]*Id.* at 176.

judgment motion.[34]  Given that the court has now ruled on ZMG's summary judgment motion, Premera's motion to compel Dr. Zipperer's deposition will be denied as moot.

### V. CONCLUSION

For the reasons set forth above, Premera's motion to compel at docket 64 is granted in part and denied in part as follows.  Within 14 days of entry of this order ZMG must serve answers to Premera's interrogatories 2 and 13–15 and RFPs 1 and 13–14.  In all other respects, Premera's motion is denied.

DATED this 14th day of May 2017.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[34]Doc. 67 at 13 ("The Federal Rules of Civil Procedure do not require a party to present for a deposition within a specific period of time.").