# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| John D. Zipperer, Jr., M.D., | ) | |
| | ) | |
| Plaintiff, | ) | 3:15-cv-00208 JWS |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Premera Blue Cross Blue Shield of Alaska, | ) | [Re: Motion at Docket 143] |
| | ) | |
| Defendant. | ) | |
| | ) | |

At docket 143, plaintiff John D. Zipperer, Jr., M.D. ("Zipperer") filed a motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. He argues that reconsideration of the judgment is warranted because of the court's errors of fact and law in its ruling at docket 137 and because of dishonest conduct on the part of Defendant Premera Blue Cross Blue Shield of Alaska ("Premera"). Premera filed a response at docket 144. Zipperer did not reply. Oral argument was not requested and would not be of assistance to the court.

It is not entirely clear to the court why Zipperer's motion was filed under Rule 60(b) rather than Rule 59(e), as the request was made within 28 days of the entry of judgment.[1] Either Rule 60(b) or Rule 59(e), however, can be a proper vehicle for requesting reconsideration of a court's order granting judgment.[2]

---

[1] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[2] *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir.

Under Rule 59(e) amendment of a judgment requires that there be newly discovered evidence, a clear error on the part of the court, or an intervening change in controlling law.[3] The use of Rule 59(e) to change a judgment is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources."[4] Given the heightened standard, setting aside a judgment based on the court's clear error requires more than just a possibility the court committed an error; the court must have a "definite and firm conviction" that it made a mistake.[5] Furthermore, such a motion cannot be used to raise arguments or submit evidence that could reasonably have been presented earlier in the litigation.[6] "If the court erred, it must be demonstrated based on the matters properly presented in reaching the result, not on a modified set of facts."[7]

Under Rule 60(b) a court "may relieve a party . . . from a final judgment" under certain defined circumstances.[8] Rule 60(b)(1) provides for relief based on a showing of "mistake, inadvertence, surprise, or excusable neglect."[9] Under Ninth Circuit law, Rule 60(b)(1) permits a party to request relief based on the court's inadvertence, mistakes of fact, or mistakes of law, as long as the request is made within a reasonable

---

2001)

[3]*School Dist. No. 1J, Multonomah Cnty. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[4]*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[5]*U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C10-3724, 2015 WL 1478636, at *2 (N.D. Cal. Mar. 31, 2015).

[6]*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[7]*Thomasson v. GC Servs. Ltd. P'ship*, No.05cv0940, 2007 WL 2317111 at * 3 (S.D. Cal. Aug. 9, 2007).

[8]Fed. R. Civ. P. 60(b).

[9]Fed. R. Civ. P. 60(b)(1).

time not to exceed the time for appeal.[10]  As with Rule 59(e), reconsideration under Rule 60(b)(1) is generally appropriate when new evidence comes to light, the court has committed clear error, or there has been an intervening change of controlling law.[11] Like Rule 59, a Rule 60(b)(1) motion is not readily granted but rather is subject to restrictive standards.  It is not a vehicle for getting a second chance to make arguments and present evidence.  It should not be used to rehash old arguments.[12]

Zipperer presents a seven-page argument as to why the court committed error in its order at docket 137 when it granted Premera summary judgment on his remaining claim, and he includes over 90 pages of supporting documents.  The court notes that Zipperer's initial response to Premera's motion for summary judgment was only three pages and included no supporting materials or citations to the record.[13]  Under Rule 56, a party must in fact support his position with citations to particular parts of materials in the record or otherwise show that the materials the other party cited do not establish the presence or absence of a genuine dispute,[14] and a party's failure to comply with summary judgment rules results in a lack of evidentiary support to withstand summary judgment.[15]  His attempt to now file evidence that could have been cited in his initial response is not appropriate under either Rule 59(e) or Rule 60(b).  That is to say, he cannot argue that the court failed to consider facts that were never presented in his opposition.  The time for Zipperer to make clear and supported arguments demonstrating disputed facts for trial has passed.  Moreover, upon review of the supporting documents now filed with the court, most are simply materials already filed

---

[10]*Gila River Ranch, Inc. v. United States*, 368 F.2d 354 (9th Cir. 1966); *Dufour v. Allen*, No. 2:14-cv-05616, 2017 WL 3013240 (C.D. Cal. 2017).

[11]*San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009).

[12]*Id.*

[13]Doc. 132.

[14]Fed. R. Civ. P. 56(c)(1).

[15]*See School Dist. No. 1J, Multonomah Cnty.*, 5 F.3d 1255, 1261-62 (9th Cir. 1993).

on the record or copies of Alaska statutes. As for any newly included material, even if the court were obligated to consider it at this late time, it remains unclear as to how the new material attached to his motion, but not cited to with any particularity, shows any error in fact or would change the outcome of the case.

Despite the clear lack of basis for the motion, the court will nonetheless attempt to identify Zipperer's arguments in favor of relief from judgment. He first argues that Premera's motion for summary judgment was late. The court already addressed and rejected that argument.[16] The basis for the court's decision rested on the fact that there were outstanding discovery issues that had not been resolved as evidenced by Premera's motion at docket 126 for sanctions.[17] Premera's motion at docket 126 was supported by a declaration and copies of the communications between the parties. In rejecting Zipperer's timeliness argument, the court described Premera's documented efforts to obtain the necessary responses from Zipperer. Based on that evidence, it concluded that Premera had been diligent in attempting to finalize discovery and meet the court's deadlines. It therefore found good cause to allow the motion for summary judgment to proceed.

Zipperer now argues that there were no outstanding discovery issues to justify a late filing "as shown by the declaration and exhibits submitted at docket 125."[18]

---

[16] Doc. 137 at pp. 10-11.

[17] Zipperer asserts that the court's basis for allowing the late-filed motion is that "Zipperer fails to comply with the court's discovery order at docket 80." Zipperer quotes the court's own words inaccurately and fundamentally misunderstands the applicable good cause standard and ruling. The court stated: "Premera filed motions related to Zipperer's failure to comply with the court's discovery order at docket 80. Indeed, as recently as October 23, 2017, the court gave Premera an additional 45 days to attempt to complete a good faith negotiation with Zipperer as to the ongoing discovery issues and to refile its motions requesting terminating sanctions. Premera subsequently refiled its request for terminating sanctions within the 45-day deadline, along with this motion for summary judgment. In doing so, Premera submitted evidence to demonstrate its ongoing efforts to obtain discovery from Zipperer. . . . Given that discovery is not yet resolved and Premera refiled its motion for terminating sanctions within the 45-day deadline and has been otherwise diligent in attempting to meet the court's deadlines, the court concludes that there is good cause to consider the summary judgment motion at this time."

[18] Doc. 143 at 1.

Docket 125, which is Zipperer's certification that he is ready for trial, does not prove any error on the court's part. The certification is dated November 30, 2017, and attached to it is another document dated three days earlier that purports to finally provide his responses to Premera's discovery requests. Aside from whether that attached document adequately responds to the outstanding requests, it was not provided to Premera much before he filed it with the court; at the bottom of the document he indicated that he mailed it to Premera on November 27, 2017, meaning Premera would have received it less than a week before Premera filed its request for summary judgment. Thus, docket 125 does not show that the court overlooked documents that would change its conclusion that—because of the ongoing discovery disputes during the fall of 2017 and Premera's documented diligence in trying to get Zipperer to adequately respond to its requests—there was good cause to consider the late summary judgment motion.

Zipperer also argues that, as to the merits of the motion, the court ignored evidence and mistakenly found Premera's declaration from Christine Seifert, manager of the Premera's Special Investigations Unit, credible. To recap, the court's order at docket 137 generally concluded as follows:

- Zipperer had been on prepayment review status in 2014 for reasons unrelated to Box 32 of the HCFA 1500 form— there was a concern about whether he was misrepresenting services performed.
- Premera took him off of prepayment review on January 28, 2015, and he resubmitted claims. There is no evidence to show the specific date on which he resubmitted those claims.
- Based on prior court rulings, the HCFA 1500 forms for Zipperer's laboratory claims had the wrong facility location listed in Box 32 and therefore were not "clean claims" that had to be paid within 30 days pursuant to Alaska's prompt pay statute.
- As for the notice requirement in Alaska's prompt pay statute, the only evidence on the record was Seifert's declaration stating that as a matter of course,

Zipperer would have received an Explanation of Payment (EOP) within 30 days of Premera's receipt of a claim form.

- Based on Premera's declaration and the absence of any supporting evidence filed by Zipperer, the court could not conclude Zipperer failed to receive the requisite notice for any pending claim.

- Premera's March 19, 2017 letter stating that it had to place Zipperer on prepayment review in order to determine whether each lab claim had correctly listed the location of service in Box 32 does not provide evidence from which a fact-finder could find that Premera was in violation of Alaska's 30-day notice provision. That is, there was no evidence about the claims he alleges were pending without payment, when they were submitted or resubmitted, or whether he failed to receive an EOP on any of those pending claims within that 30-day window.

He now says that the court was in error when it concluded that his first placement on prepayment review was unrelated to the Box 32 issue. However, he admitted as much in his answer and in his own motion for summary judgment.[19] He also asserts that Seifert previously admitted that his first prepayment review was related to the current dispute and that when he was taken off prepayment review he was promised prompt payment of all pending claims. Again, there is no citation to evidence that supports this assertion of fact. As stated above, the court could not have made an error by missing evidence never cited, but even ignoring this procedural problem, Zipperer continues to rely on mere allegations and fails once again to point out some piece of evidence in the record that Premera had agreed to pay all pending claims or had otherwise acknowledged that there were no deficiencies whatsoever in any pending claims.[20] Zipperer also now challenges the veracity of the Seifert's assertion

---

[19]Doc. 23 at p. 6 ("prepayment review was unrelated to the HCFA 1500 claim form and Box 32. . . . At the direction of Premera, after [Zipperer] was taken off pre-payment review [he] resubmitted the laboratory claims for reimbursement."); doc. 54 at p. 6.

[20]Assuming the court could even consider the materials Zipperer now includes with his arguments, they do not show a clear error of fact or provide anything that would have affected

that Zipperer would have received an EOP within 30 days of any submission or resubmission of the HCFA 1500 form and argues that Premera has acknowledged the letter of March 19, 2015 was the first notice of defect sent, but again there is no support provided for that assertion, much less a showing that the court disregarded evidence in the record when it made its ruling granting summary judgment.

Essentially, Zipperer disagrees with the court's resolution of this case in general. His exasperation with the court for its failure to comprehend his argument and find in his favor stems from his failure to properly demonstrate his legal claims against Premera and clearly formulate his arguments and evidence in a persuasive manner. This is not the court's error but altogether his own.

Zipperer's challenge to the judgment based on Rule 60(b)(3) is also meritless. He has not demonstrated some clear fraud or misrepresentation on Premera's part. He alleges that he fully complied with all of his discovery obligations and that Premera kept asserting to the court that he had not. Such an assertion does not comport with the record or the court's prior rulings.

Zipperer's motion at docket 143 for relief from final judgment is DENIED.

DATED this 1st day of May 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

the outcome of the court's decision.